**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**UNITED STATES OF AMERICA**

-vs-                                                                                  Case No.   1:10cr326-01-TWT

**Kelcey Pierre Miller a/k/a Bashir a/k/a Shake**

                                                                                      Defendant's Attorney
                                                                                      Thomas Hawker

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Count(s) 1 & 13 of the Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 USC § 286 | Conspiracy to defraud the United States with false claims for payment | 1 |
| 18 USC § 1028A | Aggravated identity theft | 13 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count(s) remaining are dismissed on the motion of the United States.

It is ordered that the defendant shall pay the special assessment of **$200.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.          XXX-XX-8413          Date of Imposition of Sentence: July 7, 2011
Defendant's Date of Birth:          1974
Defendant's Mailing Address:
386 Jordan Drive
Tucker, Ga. 30084

Signed this the 7th day of July, 2011.

/s/Thomas W. Thrash
THOMAS W. THRASH
UNITED STATES DISTRICT JUDGE

**IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **51 months on Count One and a term of 24 months on Count Thriteen, to be served consecutively for a total term of imprisonment of 75 months**.

The Defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2:00 P.M. on a date to be determined by the Bureau of Prisons.

The Court makes the following recommendation to the Bureau of Prisons: (1)  That the defendant participate in the Bureau of Prisons Financial Responsibility Program and make restitution payments from any wages earned in prison. (2) That the defendant  participate in the most intensive Bureau of Prisons drug/alcohol treatment program to which defendant meets Bureau of Prisons criteria.  (3) That the defendant be designated to the lowest security classification facility with, the drug treatment program recommended, that is closest to the Atlanta area.

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By: _____
Deputy U. S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years on Count One and 1 year on Count 13 to run concurrently for a total of 3 years.**

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.  The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below).  If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release.  The defendant shall comply with the following additional conditions:

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall cooperate in the collection of DNA as directed by the probation officer, pursuant to 42 USC 14135a(d)(1) and 10 USC 1565(d), which requires mandatory DNA testing for federal offenders convicted of felony offenses.

The defendant shall submit to one drug urinalysis within 15 days of placement on supervised release and at least two periodic drug tests thereafter as directed by the probation officer.

The defendant shall not illegally possess a controlled substance

The defendant shall not own, possess or have under his/her control any firearm, dangerous weapon or other destructive device.

Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision and be paid at the monthly rate of at least $200.00, plus 25% of gross income in excess of $2,000 per month.

The defendant shall make a full and complete disclosure of finances and submit to an audit of financial documents, at the request of the United States Probation Officer.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer and unless the defendant is in compliance with the installment payment  schedule.

The defendant shall submit to a search of his/her person, property, residence, place of business or employment, and/or vehicle(s) at the request of the United States Probation Officer.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## FINE

The Court finds that the defendant does not have the ability to pay a fine and cost of incarceration.  The Court will waive the fine and cost of incarceration in this case.

## RESTITUTION

The restitution shall be paid in full immediately and shall be paid jointly and severally with the co-conspirators in this case, Rahman Hill, Jabbar Ivan Pender a/ka/ James Earl Pender, Keith Lamone Richard, and Peter Raymond Williams to the following victims, in the following amount:

| **Name of Payee** | **Amount of Restitution** |
|---|---|
| IRS-RACS<br>Attn: Mail Stop 6261<br>333 W. Pershing Avenue<br>Kansas City, MO 64108 | $1,660,152.00 |

The restitution shall be due in full immediately.

If the defendant is unable to pay restitution immediately, the defendant shall make restitution payments from any wages earned in prison in accordance with the Bureau of Prisons Financial Responsibility Program.  Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision and be paid at the monthly rate of at least $200.00, plus 25% of gross income in excess of $2,000 per month.

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

Any payments of the restitution shall be made to Clerk, U. S. District Court, Northern District of Georgia, 2211 U. S. Courthouse, 75 Spring Street, Atlanta, Georgia  30335.